## SUPREME COURT.

### In the Matter of the Petition of James Van Buren.

*Assessments for constructing drains vacated — filling up sunken lots not contemplated by act of 1871, Laws of 1871, chapter 566.*

An assessment will be vacated where in point of fact it is not levied for works which can be said to have been performed under the act.

The act of 1871 (*Laws of 1871, chapter 566*) contemplated and provided for an assessment for expenses incurred in constructing drains. Where, as in this case, the great bulk of the assessment was for work done in filling up sunken lots:

*Held,* that it was a "*substantial error,*" within the act of 1874 (*Laws of 1874, chapter 312*), and that the assessment should be vacated and set aside.

The corporation cannot, under the garb of exercising the authority conferred by a certain act, exercise another and a totally different power, conferred by other and different legislative acts, and involving another and different procedure.

*Special Term, August, 1878.*

*C. E. Miller,* for petitioner.

*J. A. Beall,* for the mayor, etc., of New York.

LAWRENCE, *J.* — I am of the opinion that the assessment in this case should be vacated and set aside.

First. It may well be doubted under the decisions of the court of appeals in the case of *The People* agt. *Haines* (49 *N. Y., p.* 587), and in *The Matter of Rhinelander* (*MS. opinion*), whether, as the drains contemplated to be constructed under the act of 1871 (*chapter* 566) are to run through

private property, and the public are thereby to acquire an easement in said lands, the owners thereof are not entitled, under article 1, section 6 of the Constitution, to compensation, for such an interference with their proprietary interests.

In the view which I take of this case; it is not, however, necessary to pass upon this point.

Second. The assessment should be vacated, because, in point of fact, it is not levied for works which can be said to have been performed under the act of 1871. That act contemplated an assessment for expenses incurred in constructing drains. In this case it will be seen that the great bulk of the assessment is for work done in filling up the lots embraced in the area bounded by Ninety-second and One Hundred and Sixth streets and First and Third avenues.

Between One Hundredth and One Hundred and Fourth streets and the First and Second avenues there are no drains, but there is a vast amount of filling.

Between Ninety-sixth and One Hundredth streets and the First and Second avenues no work appears to have been performed either in constructing drains or in filling. The same may be said of the area lying between the Second and Third avenues and One Hundred and Second and One Hundred and Sixth streets.

Between One Hundred and Second and Ninety-fourth streets and the Second and Third avenues drains were constructed, but the filling constitutes the principal portion of the work.

Between Ninety-second and Ninety-third streets and Second and Third avenues no work has been executed.

Between Ninety-second street and Ninety-fifth street and the First and Second avenues the work includes both drains and filling. The assessment is laid for the entire work, and it is only necessary to look at the statement of the work charged for to see that the draining of the lots was not the main work, and that it constituted an insignificant and almost an infinitesimal portion of the expense, which it is now proposed to

Matter of Van Buren.

impose upon the property owners. It appears from the assessment list that there were 3,328 lineal feet of drains at one dollar and sixty-five cents, making a total of $5,491.20, while there were 431,619 cubic yards of earth filling at sixty-five cents per yard, making a total of $280,552.35, which is more than fifty-one times the amount expended for the construction of the drains. If this is not a "*substantial error*," it is difficult to see what can be comprehended under those words (*Laws of* 1874, *chap.* 312).

Third. I do not mean to be understood as denying that the corporation has the power to direct the filling up of sunken lots, where the municipal authorities have proceeded in the manner pointed out by the laws relating to that subject. But the filling of sunken lots is not the construction of drains under the act of 1871, and the corporation cannot, under the garb of exercising the authority conferred by that act, exercise another and a totally different power, conferred by other and different legislative acts, and involving another and different procedure (*See Revised Laws*, 1813).

Fourth. There are many errors relied upon by the counsel for the petitioner in this case as vitiating the assessment, but it is unnecessary to notice them, inasmuch as the error already alluded to is so glaring, and, in the language of the act of 1874, "substantial," that no further argument appears to be needed to show that justice demands that the assessment should be set aside. Let an order be entered vacating the assessment.